IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -3 AM 6:52

Robert R. Di Trolio
CLERK, U.S. DIST. CT.
W. D. OF TN, MEMPHIS

| | |
|---|---|
| DARIUS D. LITTLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 96-2520 M1 |
| SHELBY COUNTY, TENNESSEE, et al., | ) |
| Defendants. | ) |

## ORDER OF CORRECTION

The Court hereby corrects the Order issued in this case on June 21, 2001, (Docket No. 436.), as follows: the word "provisions" appearing on the third line of page four shall be replaced with the word "conditions." The Court has attached a corrected version of page four of the June 21, 2001, order as Appendix A. The Clerk is hereby ORDERED to replace page four of the June 21, 2001, order with the corrected version attached as Appendix A.

So ORDERED this 2th day of June, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on _____



**APPENDIX A**

Defendants have now put forward a plan that, if augmented and implemented fully, has the potential to remedy the unconstitutional conditions in the Jail.

## II. Purgation Standards

In a civil contempt proceeding, the burden is on the petitioner to "prove by clear and convincing evidence that the respondent violated the court's prior order." Glover v. Johnson, 934 F.2d 703, 707 (6th Cir. 1991). A party may be found in contempt if the petitioner shows that the respondent "violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Id. (quoting NRLB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987)). In a contempt proceeding, "the basic proposition [is] that all orders and judgments of courts must be complied with promptly." NRLB, 829 F.2d at 590 (quoting Jim Walter Res., Inc. v. Int'l Union, United Mine Workers, 609 F.2d 165, 168 (5th Cir. 1980)). As the Sixth Circuit has held, "civil contempt may be either intended to coerce future compliance with a court's order, or to compensate for the injuries resulting from the noncompliance." Glover v. Johnson, 199 F.3d 310, 313 (6th Cir. 1999)(internal citations omitted). Good faith is not a defense in civil contempt proceedings. Glover, 934 F.2d at 708. Likewise, willfulness is not an element of civil

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 831 in case 2:96-CV-02520 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

---

Financial Unit
FINANCIAL UNIT
167 N. Main St.
Room 242
Memphis, TN 38103

Murray B. Wells
HORNE GILLULY & WELLS, PLLC
81 Monroe Ave.
Ste. 400
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Kathleen Spruill
COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Brian L. Kuhn
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Arthur E. Horne
HORNE GILLULY & WELLS, PLLC
81 Monroe Ave.
Ste. 400
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT